1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9     JUAN RODRIGUEZ, #AH4074,              )
                                            )
10                  Plaintiff(s),           )     No. C 13-1819 CRB (PR)
                                            )
11         vs.                              )     ORDER OF DISMISSAL WITH
                                            )     LEAVE TO AMEND
12    ROSANA LIM JAVATE, et al.,            )
                                            )
13                  Defendant(s).           )
      _____ )
14
15         Plaintiff, a prisoner at the Correctional Training Facility (CTF) in Soledad,
16    California, has filed a pro se First Amended Complaint under 42 U.S.C. § 1983
17    alleging that prison officials at CTF's "Utilization Management Unit" improperly
18    have denied his treating physicians' referrals for bunion surgery.  Plaintiff names
19    Dr. Rosana Lim Javate, Warden M. Spearman and California Attorney General
20    Kamala Harris as defendants, but adds no facts whatsoever linking them to his
21    allegations of wrongdoing.
22                                  **DISCUSSION**
23    A.    Standard of Review
24         Federal courts must engage in a preliminary screening of cases in which
25    prisoners seek redress from a governmental entity or officer or employee of a
26    governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable
27    claims or dismiss the complaint, or any portion of the complaint, if the complaint
28    "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment.  Id. at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03

(1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care."  Estelle, 429 U.S. at 104-05.

Plaintiff's allegations will be dismissed with leave to amend to set forth specific facts showing how each named defendant was deliberately indifferent to plaintiff's serious medical needs, if possible.  Plaintiff also must link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the First Amended Complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Aug. 8, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Rodriguez, J.13-1819.dwlta.wpd